POSTUM CEREAL CO., Inc., v. FARMERS' MILL & ELEVATOR ASS'N.

Court of Appeals of District of Columbia.

Submitted January 13, 1928. Decided March 5, 1928.

Petition for Rehearing Denied March 24, 1928.

No. 2021.

1. Trade-marks and trade-names and unfair competition 43—Registration of words "Wheat-Nut" as name for cereal breakfast foods refused for confusing similarity to "Grape-Nuts."

Registration of words "Wheat-Nut" as name for cereal breakfast foods *held* refused, as being confusingly similar to "Grape-Nuts," in view of fact that word "wheat" is merely name of product on which marks are used.

2. Trade-marks and trade-names and unfair competition 43—Doubt as to confusing similarity between marks will be resolved against one last in field.

Where there is doubt about identity of two marks, in determining whether there is confusing similarity, doubt will be resolved against last one in field.

Appeal from the Commissioner of Patents.

Opposition by the Postum Cereal Company, Inc., to the registration by the Farmers' Mill & Elevator Association of a name for cereal breakfast foods. From the decision of the Commissioner, dismissing the opposition, the Postum Cereal Company, Inc., appeals. Reversed.

E. S. Rogers, of Chicago, Ill., for appellant.

C. A. O'Brien and B. F. Garvey, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

VAN ORSDEL, Associate Justice. Appellant, Postum Cereal Company, the owner of the registered trade-mark "Grape-Nuts," used as a name for cereal breakfast food, filed an opposition to the registration by appellee, Farmers' Mill & Elevator Association, of the words "Wheat-Nut" as a name for cereal breakfast foods. From the decision of the Commissioner, dismissing the opposition, this appeal is taken.

It appears that since 1897 appellant company and its predecessor have been manufacturing and putting on the market the breakfast food made of wheat and barley under the trade-mark name of Grape-Nuts." An enormous business has been built up by this company, and it is claimed that it will be damaged by the registration of the word "Wheat-Nut" because of the similarity of the marks.

[1] In considering the matter of confusing similarity, we think it important to examine into the character of the goods on which the marks are used. The goods are both largely wheat products. The users of Grape-Nuts are familiar with the fact that the cereal sold under that name is chiefly produced from wheat; hence the adoption of the word "wheat" as part of appellee's mark is merely the name of the product on which the marks are used. This we deem important, in determining whether or not the marks are so similar as to lead to confusion. The purchasing public, seeking a wheat cereal, might easily be misled by the similarity of the marks, applied to the same product.

This case can be distinguished from the case of Postum Cereal Co. v. California Fig Nut Co., 54 App. D. C. 285, 297 F. 544, where it was held by the Commissioner that the marks "Fig-Nuts" and "Grape-Nuts" were not confusingly similar. This court refused to entertain an appeal in that case, on the ground that the Trade-Mark Act of 1920 (15 USCA § 121 et seq.) does not provide for appeals from the decision of the Commissioner. While we are not called upon now to review the Commissioner's decision, it will be noted that the goods on which the marks in that case were used were dissimilar. "Fig-Nuts" is composed of figs and nuts. Besides, the marks are much more dissimilar than in the present case.

We think that the present case is in line with the decision of the Commissioner of

Patents in Postum Cereal Co. v. Hillis, opposition No. 2098, where the question involved was the similarity of the marks "Grape-Nuts" and "Bran-Nuts." There, as here, the marks were applied to goods composed largely of a wheat product, and the user of one might readily be confused by the other.

[2] This case is not without difficulty; but, applying the rule, we have many times announced, that, "where there is a doubt about the identity of two marks, the doubt will be resolved against the one last in the field" (Aunt Jemima Mills Co. v. Blair Milling Co., 50 App. D. C. 281, 270 F. 1021), we think the opposition should be sustained.

The decision of the Commissioner is reversed.